McIlvaine, C. J.
By the rules of the common law relating to the rights and interests of a husband to and in the lands of his wife (which obtain in this state except in so far as .they have been modified by statute), the husband, by virtue of the marriage, is entitled, during covei’ture, to the possession and control of the real estate of his wife. ■In strictness, this right is not an estate by the curtesy, •though, sometimes called curtesy expectant, but a mere possession by him in the right of the wife. In the case before us, this marital right of the defendant in error is not of the least significance, as it was fully enjoyed by him during the whole period of coverture, which was the limit of the duration of the right.
When, however, issue of the marriage is born alive, capable of inheriting the lands of the wife, an estate in the husband begins and vests in his own right by the curtesy initiate; which estate, upon the death of the wife, remains *579 in tbe surviving husband as an estate for his life by the curtesy consummate.
Such was the state of our law previous to July 1, 1853, when the act of March 14, 1853, regulating descents, took effect. By tbe 17th section of this act (S. & C. 504), it was provided, that “Nothing in this act shall be so construed as to affect the right which any person may have to any estate by the curtesy or in dower, in any estate of any deceased persons ; and surviving husbands, whether there has been issue born during the coverture or not, shall be entitled to the estate of their deceased wives by the curtesy.”
Be must be observed that this section does not purport, during the life of the Avife, to affect the marital rights of the husband or his estate by the curtesy initiate. The provision relates solely to rights in the estates of “ deceased persons.” It is the curtesy of “ surviving husbands ” which is made to inure to them “ whether there has been issue born alive during the coverture or not.” What effect this statute had, by construction, upon the estate by the curtesy initiate, if any, avg need not now inquire, as in the case before us, there was no issue born during coverture.' If this statute had remained in force until the death of defendant’s wife, unquestionably an estate by the curtesy Avould have vested in him, at that time, notwithstanding there had been no issue of the marriage.
But, on the 1st of July, 1869, while his wife was still living, and before any right had vested in the husband under this section, it was repealed by the act of March 1, 1869 (66 Ohio Laws, 21), and the following provisions substituted, by Avay of amendment, to-wit:
“Nothing in this act shall be so construed as to affect the right which any person may have to any estate by the curtesy or in dower, in auy estate of any deceased person ; and surviving husbands, whether there be issue born during the coverture or not, shall be entitled to the estate of their deceased Avives by the curtesy; provided, however, that if any deceased Avife shall leave issue or legal repre *580 sentative of such issue by a former marriage, her surviving husband shall not be entitled to an estate by the curtesy in the interest of such issue or the legal representatives of such issue in her estate, unless the estate came to the deceased wife by deed of gift from the sui’viving husband, or by divise or deed of gift from his ancestors.”
.By this amendment, it is quite clear that the defendant was not entitled, upon the death of his wife in 1873, to curtesy in lands acquired by his wife subsequent to the date of the amendment. This is admitted by him in his answer disclaiming title to those parcels acquired by her after July 1, 1869. But it is contended by defendant that the act of 1869 can operate only on subsequently acquired lands. The contention is, that as to property acquired by her previously, to that date, an interest or estate had become vested in him, which, under the constitution, the legislature could not divest. In other word's, it is claimed that by the act of 1853, which eliminated, from an estate by the curtesy, the prerequisite “ birth of issue” an estate immediately vested in the husband, in all respects like unto curtesy initiate, by the mere facts of marriage and seizin of the wife. This we have already shown was- not the effect of the act, which left the rights of a husband in the lands of his wife, while living, and before the birth of issue, as they were at common law, and operated only to enlarge the rights of “ surviving husbands.”
The defendant having had no issue born during coverture, and having fully enjoyed his marital rights in the lands of his wife during the whole period of coverture, the áct of 1869 must determine his rights as to all the lands of which his wife was seized during coverture.
"Whether the acts- of April 3,1861, concerning- the rights and liabilities of married women, and the amendment thereof on March 23, 1866, which converted the general property of married women into separate estates and gave to them the control thereof during coverture, saving only “ the estate by the curtesy of any husband in the real property of his wife after her decease,” did not totally extinguish all *581 right of curtesy initiate as well as the right of possession in the husband during coverture, we need not consider, as independently of these .statutes we find the defendant was not entitled to curtesy in any of the lands of which his wife died seized.
The judgment below in favor of defendant as to all lands acquired-by his wife between July 1,1853, and July 1,1869, is reversed; in all other respects it is affirmed, and cause remanded to court of common pleas.